Gershengorn, J.
Plaintiff Scott A. Boudrot (Boudrot) brings this action against Robert Russo (Russo) claiming that in 1975, Russo committed crimes of indecent assault and battery on a child under fourteen and Boudrot suffered damages as a result of such acts. Russo moves to dismiss on the grounds that the action is barred by the statute of limitations. Based on the following, the defendant’s motion is denied.
BACKGROUND
For the purposes of this motion, the court accepts as true the allegations of the complaint, as well as any inferences which can be drawn therefrom in the *182 plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991).
In 1975, when Boudrot was twelve years old, Russo befriended Boudrot. During a one year period, there were approximately six incidents where Russo would hug and kiss Boudrot. On one occasion, Russo took Boudrot to an apartment and attempted to undo Boudrot’s pants.
Over the next year, Boudrot became increasingly unmanageable at home and in school. Boudrot began to abuse alcohol and his emotional problems increased until about 1993 when he attained complete sobriety. In 1993 Boudrot remembered the 1975 incidents involving Russo and realized that the abuse was in large measure the cause of his problem. Boudrot filed this action on February 8, 1995.
DISCUSSION
Russo argues that it is apparent from the complaint that the claim stated did not accrue within three/six years before the commencement of this action and is therefore barred by the provisions of the statute of limitations. Russo does not argue which limitations period applies to this action. Boudrot argues that G.L.c. 260, §4C is the relevant provision. Such statute provides:
Actions for assault and battery alleging defendant sexually abused a minor shall be commenced within three years of the acts alleged to have caused an injury or condition or within three years of the Lime the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by said act, whichever period expires later. G.L.c. 260, §4C.
Taking the allegations of the complaint as true, Boudrot remembered the 1975 incidents and realized that the abuse was the cause of his problems in 1993. The complaint was filed in 1995, thus the action was commenced within three years of the time the victim discovered that his injury was caused by the acts of Russo.[1]
ORDER
Based on the foregoing, it is ORDERED that defendant’s motion to dismiss is DENIED.

Even if G.L.c. 260, §2A is the appropriate statute of limitations, it provides that actions of torts shall be commenced within three years next after the action accrues. The effective date of the statute was January 1, 1974 and Boudrot alleges that the incidents occurred in 1975. Because, for the purposes of this motion, Boudrot did not discover the injury caused by the acts until 1993 the action is timely under G.L.c. 260, §2A.